NOT DESIGNATED FOR PUBLICATION

No. 114,402

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DALE M. L. DENNEY,
*Appellant*,

v.

MARC BENNETT, Sedgewick County District Attorney,
*Appellee*.


MEMORANDUM OPINION


Appeal from Sedgwick District Court; WILLIAM SIOUX WOOLLEY, judge. Opinion filed September 16, 2016. Affirmed.


*Dale M. L. Denney*, appellant pro se.


*Stephen Phillips*, assistant attorney general, and *Derek Schmidt,* attorney general, for appellee.


Before SCHROEDER, P.J., GREEN, J., and STUTZMAN, S.J.


*Per Curiam*:  Dale M. L. Denney, an inmate in the custody of the Kansas Department of Corrections, filed an action in quo warranto to oust Marc Bennett from his position as Sedgwick County District Attorney. Denney appeals after the trial court granted Bennett's motion to dismiss Denney's action. Denney argues that the trial court erred in holding that he lacked standing to bring an action in quo warranto or for ouster and that his claim was untimely. Bennett cross-appeals the trial court's rejection of his alternative reason for granting his motion to dismiss.

1

The trial court held that because Denney was not claiming that he had an interest in the office of District Attorney Bennett under K.S.A. 60-1203, he did not have standing to bring an action in quo warranto to oust Bennett under K.S.A. 60-1203. Moreover, the trial court held that Denney did not have standing to oust Bennett from office under K.S.A. 60-1202. Bennett, however, advanced an alternative statutory ground for sustaining his motion to dismiss. Bennett correctly maintains under his cross-appeal that because Denney, as a private citizen, was claiming that Bennett had committed misconduct while he was the assistant district attorney, Denney was precluded statutorily by K.S.A. 60-1202(2), K.S.A. 60-1205, and K.S.A. 60-1206(a) and (b) from bringing an action in quo warranto. Thus, Denney lacked standing, statutorily, to sue Bennett. We find merit in Bennett's statutory construction argument. We have borrowed generously from Bennett's cross-appellant's brief in addressing the statutory construction issue involved in this appeal. Although the trial court may have used an incorrect statutory construction for granting Bennett's motion to dismiss, we determine that the trial court reached the correct result under the facts in the case. As a result, we affirm the judgment of the trial court.

In 1993, Denney was convicted of two counts of aggravated criminal sodomy, two counts of aggravated sexual battery, two counts of aggravated weapons violation, and one count of aggravated battery in two separate cases consolidated for trial. Our Supreme Court affirmed his convictions on direct appeal. See *State v. Denney*, 258 Kan. 437, 438, 905 P.2d 657 (1995). Since then, he has filed several motions for postconviction relief, all of which have been denied. See *State v. Denney*, No. 113,957, 2016 WL 3597607 (Kan. App. 2016); *State v. Denney*, No. 110,336, 2015 WL 326432 (Kan. App.) (unpublished opinion), *rev. denied* 302 Kan. ___ (2015).

Bennett began serving as the elected district attorney for the 18th Judicial District in Sedgwick County in January 2013. On March 9, 2015, Denney filed a petition on written notice and complaint that Bennett, as the district attorney, violated the provisions

of K.S.A. 60-1205(1) and (2). Denney claims that Bennett appeared in or took action in one of Denney's postconviction proceedings in 2005 while Bennett was an assistant district attorney in Sedgwick County. Denney alleges that Bennett had a detective from the Wichita Police Department go to the El Dorado Correctional Facility to collect a saliva sample from Denney to plant as evidence in Denney's 1991 and 1994 cases. In the alternative, Denney alleges that Bennett at least had knowledge of the detective's actions and failed to remedy them.

On April 28, 2015, Bennett moved to dismiss the action filed against him. He argued that an ouster proceeding could not be brought by a private individual. Denney replied, arguing that he could bring an ouster action under quo warranto because he was a private citizen with special and particular interests. He alleged that when Bennett was an assistant district attorney, Bennett was aware that there was no DNA evidence in Denney's cases, but Bennett somehow found DNA evidence in 2005. Denney also alleged that Bennett knew that the victims in his cases had recanted their accusations against Denney. He claimed that Bennett neglected his duties by doing nothing about either of these developments.

On May 27, 2015, the trial court held a hearing at which Denney failed to appear. After the hearing, the trial court granted Bennett's motion to dismiss and ordered Bennett's attorney to prepare a journal entry. On June 8, 2015, Denney moved to reconsider and to object to Bennett's proposed journal entry. On July 8, 2015, the trial court held a second hearing to consider Denney's objections to the journal entry. Denney appeared by phone at this hearing.

Instead of ruling on the objections to Bennett's proposed journal entry, the trial court decided to enter its own journal entry granting Bennett's motion to dismiss and denying Denney's motion for reconsideration, which the court filed on July 13, 2015. The trial court determined that a district attorney is a state officer "whose responsibility is to

3

represent the State of Kansas in criminal proceedings brought by the State." The trial court further determined under K.S.A. 60-1206 that "only the attorney general may bring an ouster proceeding" after a complaint has been made against a district attorney.

The trial court, however, turned to K.S.A. 60-1202(2) which allows a quo warranto action "[w]henever any public officer shall have done or suffered any act which by the provisions of law shall work forfeiture of his or her office." The trial court stated:

"Section 60-1202(2) refers to actions taken by a public officer that 'would work a forfeiture of his or her office.' As stated above, the grounds for forfeiture are found in K.S.A. 60-1205.

"Nothing in the K.S.A. 60-1202 limits standing to bringing a *quo warranto* action to the Attorney General or County Attorney."

The trial court discussed the standing requirements of K.S.A. 60-1203 and concluded that Denney lacked standing under K.S.A. 60-1203 for the following reasons:

"The court holds that decisions made by a prosecutor in a criminal case are not the type of actions taken by a public officer which would be a resolution, ordinance, franchise, gift or grant that would entitle Denney to standing pursuant to K.S.A. 60-1203. As a matter of statutory construction, a prosecutor's decisions are not those in which a person has a particular interest that was contemplated by the legislature.
"The rationale is obvious: If prosecution decisions were those decisions that were contemplated by the statute to confer standing to a criminal defendant, every criminal defendant in every case would have been conferred standing to bring an action in *quo warranto* under 60-1202. The court suggests Kansas courts would not be able to handle the potential case load."

The trial court then ruled that Denney did "not have standing to bring an action in *quo warranto* under K.S.A. 60-1202 to oust District Attorney Bennett."

4

The trial court also held that Denney could not bring the action in either ouster or quo warranto because his complaints were about Bennett's conduct before he was the district attorney. When the trial court entered its ruling, Bennett was no longer the assistant district attorney. Finally, the trial court determined that even if Denney had standing to bring his ouster action under K.S.A. 60-1202, the 5-year statute of limitations under K.S.A. 60-511(5) would procedurally bar Denney's right to sue Bennett because Denney's suit was not brought within 5 years of the complained-of behavior, which occurred in 2005.

Denney timely filed a notice of appeal, and Bennett filed a timely notice of cross-appeal.

*Did the Trial Court Err in Finding That Denney Lacked Standing to Bring a Quo Warranto Action Against Bennett?*

Denney first argues that the trial court erred in finding that he lacked standing under K.S.A. 60-1203 to bring an action for quo warranto. The existence of standing is a question of law subject to unlimited review by this court. *312 Education Ass'n v. U.S.D. No. 312*, 273 Kan. 875, 882, 47 P.3d 383 (2002). "'Standing is a question of whether the plaintiff has alleged such a personal stake in the outcome of a controversy as to warrant the invocation of jurisdiction and justify exercise of the court's remedial powers on his or her behalf.' [Citation omitted.]" *Stechschulte v. Jennings*, 297 Kan. 2, 29, 298 P.3d 1083 (2013). Standing to bring an action is a component of subject matter jurisdiction that may be raised at any time. *Stechschulte*, 297 Kan. at 29.

An action for quo warranto may be brought in the following cases:

"(1) When any person shall usurp, intrude into or unlawfully hold or exercise any public office, or shall claim any franchise within this state, or any office in any corporation created by authority of this state.

"(2) Whenever any public officer shall have done or suffered any act which by the provisions of law shall work a forfeiture of his or her office.

"(3) When any association or number of persons shall act within this state as a corporation, without being legally incorporated.

"(4) When any corporation does or omits acts which amount to a surrender or a forfeiture of its rights and privileges as a corporation, or when any corporation abuses its power or exercises powers not conferred by law.

"(5) For any other cause for which a remedy might have been heretofore obtained by writ of quo warranto at common law." K.S.A. 60-1202.

K.S.A. 60-1203 states who can bring a quo warranto action.

"Where the action is brought by a person claiming an interest in an office, franchise or corporation, or claiming an interest adverse to a resolution, ordinance, franchise, gift or grant, which is the subject of the action, it shall be prosecuted in the name and under the direction of such person, otherwise it shall be prosecuted in the name of the state by the attorney general or county attorney. Whenever the action is brought by the attorney general or the county attorney against a person for usurping an office, the petition shall state the name of the person rightfully entitled to the office. When the action in such case is brought by the person claiming title, such person may claim and recover any damage he or she may have sustained." K.S.A. 60-1203.

K.S.A. 60-1203 states that a private citizen may bring an action under K.S.A. 60-1202(1) if that person claims an interest in the office. The language of K.S.A. 60-1203, however, does not grant private citizens the right to bring an ouster action against a public officer for forfeiture of an office for alleged misconduct.

The trial court relied on K.S.A. 60-1203 to hold that Denney did not have standing to bring a quo warranto action. The trial court also ruled that Denney was not claiming an interest

"in the office of District Attorney, that is, that he [was] entitled to be the District Attorney. Therefore, to have standing under K.S.A. 60-1203, Denney must [have] claim[ed] an interest adverse to a resolution, ordinance, franchise, gift or grant of the District Attorney . . . . The court [held] that decisions made by a prosecutor in a criminal case [were] not the type of actions taken by a public officer which would be a resolution, ordinance, franchise, gift or grant that would entitle Denney to standing pursuant to K.S.A. 60-1203. As a matter of statutory construction, a prosecutor's decisions [were] not those in which a person has a particular interest that was contemplated by the legislature."

Although Denney argues on appeal that he has a special and particular interest and right distinct from other citizens because he is a wrongfully convicted citizen fighting for his life and freedom, he implicitly acknowledges that he lacked statutory standing to bring a quo warranto action against Bennett under K.S.A. 60-1203 or K.S.A. 60-1202. For example, in his brief, Denney states that Bennett's willful misconduct was "covered by K.S.A. 60-1205(1) and (2)" and should "'be immediately transmitted to the Attorney General'" under "K.S.A. 60-1206[]." Moreover, Denney states, in his brief, that his complaint "should have been transmitted immediately to the Kansas Attorney General for investigation . . . per K.S.A. 60-1206(b)." Thus, Denney implicitly concedes that an ouster of a state officer should be investigated and commenced *only* by the attorney general.

Turning to the canons of statutory construction, we note that courts are to construe statutes to give effect to all parts of the legislation; thus no part of the legislation is to be treated as meaningless. *Friends of Bethany Place v. City of Topeka*, 297 Kan. 1112, 1123, 307 P.3d 1255 (2013). Moreover, it is a "cardinal rule of law" that a specific statute

7

which relates specifically with the subject matter controls over a general statute. See *Sierra Club v. Moser*, 298 Kan. 22, 54, 310 P.3d 360 (2013).

For example, K.S.A. 60-1205 sets forth the grounds for forfeiture of office previously noted in K.S.A. 60-1202(2):

"Every person holding any office of trust or profit, under and by virtue of any of the laws of the state of Kansas, either state, district, county, township or city office, except those subject to removal from office only by impeachment, who shall (1) willfully engage in misconduct while in office, (2) willfully neglect to perform any duty enjoined upon such person by law, (3) demonstrate mental impairment such that the person lacks the capacity to manage the office held, or (4) who shall commit any act constituting a violation of any penal statute involving moral turpitude, shall *forfeit* such person's office and shall be ousted from such office in the manner hereinafter provided." (Emphasis added.)

K.S.A. 25-2505 describes a state officer generally, and a district attorney specifically, as follows: "(b) 'State office' or '*state officer*' means the state officers elected on a statewide basis, members of the house of representatives and state senators, members of the state board of education, district judges, district magistrate judges and *district attorneys*." (Emphasis added.)

K.S.A. 60-1206 then sets forth who may bring a forfeiture or ouster action:

"(a) *On complaint*. The attorney general or any county attorney in the county of his or her jurisdiction, upon receiving written notice that an officer covered by K.S.A. 60-1205 has violated any of the provisions thereof, shall investigate the complaint. If reasonable cause is found for the complaint, proceedings shall be instituted to oust such officer, but proceedings may be initiated by the attorney general or the county attorney without complaint having been made.

"(b) *Proceedings against state officers*. Proceedings to oust a state officer shall be commenced *only* by the attorney general. If a complaint is made to a county attorney

8

against a state officer, he or she shall immediately transmit such complaint to the attorney general." (Emphasis added.)

Forfeiture or ouster for misconduct, then, is a specific type of relief in a quo warranto action. See, *e.g., State v. Morrison*, 302 Kan. 804, 811, 359 P.3d 60 (2015).

The trial court's statement that "[n]othing in the K.S.A. 60-1202 limits standing to bringing a *quo warranto* action to the Attorney General or County Attorney" is partially correct in the situation where a private citizen claims a right to an office. Nevertheless, it is incorrect in cases involving forfeiture of office due to misconduct. This distinction made by the trial court blurs the harmony between K.S.A. 60-1202 and some of the other statutes dealing with quo warranto actions. K.S.A. 60-1202 states five different categories of grounds for quo warranto actions including K.S.A. 60-1202(2)—forfeiture of office. But K.S.A. 60-1202 does not address all standing issues for quo warranto actions. For example, K.S.A. 60-1203 sets forth who may bring quo warranto actions under certain circumstances: "[1] a person claiming an interest in an office, franchise or corporation, or [2 a person] claiming an interest adverse to a resolution, ordinance, franchise, gift or grant, which is the subject of the action." K.S.A. 60-1205 and 60-1206 discuss actions for forfeiture of office for alleged misconduct. K.S.A. 60-1203, 60-1205, and 60-1206 are all more specific statutes than K.S.A. 60-1202. K.S.A. 60-1205 and 60-1206 place limits on quo warranto actions for forfeiture of office due to misconduct (ouster based on misconduct). K.S.A. 60-1206 specifically limits such actions to the attorney general or county attorneys (and in the case of a state official, to the attorney general). This interpretation of K.S.A. 60-1206 is consistent with caselaw. Quo warranto proceedings seeking ouster of a public official are a governmental function. *State ex rel. Stovall v. Meneley*, 271 Kan. 355, 384, 22 P.3d 124 (2001).

Here, Denney sought ouster or forfeiture of Bennett's office because of alleged misconduct committed by Bennett while serving as the assistant district attorney. Because

9

K.S.A. 60-1206 is a specific statute, it controls and limits all actions brought to oust a state officer due to misconduct. K.S.A. 60-1206(b) is narrowly written so that an ouster action against a state officer for misconduct listed under K.S.A. 60-1205 must be brought only by the attorney general. Bennett's statutory construction of K.S.A. 60-1202(2), K.S.A. 60-1205, and K.S.A. 60-1206 preserves and promotes the comprehensive purpose of these statutes.

In summary, Denney's cause of action specifically sought forfeiture of Bennett's office as district attorney because of alleged misconduct committed by him. As a result, the trial court should not have reached the question of whether Denney had a particular interest or right distinct from other citizens, or whether any statute of limitations barred Denney's action. Here, Denney was statutorily precluded under K.S.A. 60-1206(a) and (b) from bringing this cause of action. Nevertheless, because the trial court reached the correct result under the facts of this case, we affirm the judgment of the trial court. See *Hockett v. The Trees Oil Co.*, 292 Kan. 213, 218, 251 P.3d 65 (2011) (If a trial court reaches the correct result, its decision will be upheld even though it relied upon the wrong ground or assigned erroneous reasons for its decision.).

Affirmed.